UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. DeSTEFANO,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:22-cv-1338 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge ("ALJ") erred in several respects, including in determining plaintiff's residual functional capacity, in rejecting plaintiff's testimony, and in evaluating the medical opinion evidence.

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 8.)

1

# PROCEDURAL BACKGROUND

In February of 2018, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on December 1, 2016. (Transcript ("Tr.") at 280-82.) That application was denied initially, (id. at 149-53), upon reconsideration, (id. at 156-60), and after an administrative hearing before an ALJ. (Id. at 124-33.) On January 28, 2021, however, the Appeals Counsel remanded the matter back to the ALJ for a new decision. (Id. at 138-42.)

A hearing was held before an ALJ on May 24, 2021. (Id. at 34-69.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 34-48.) In a decision issued on June 9, 2021, the ALJ found that plaintiff was not disabled. (Id. at 28.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2017.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 1, 2016 through his date last insured of September 30, 2017 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairments: cervical and lumbar degenerative disc disease and joint disease, and obesity. (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. Through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: he could have lifted and carried 10 pounds frequently and 20 pounds occasionally; he could have sat for 6 hours per 8-hour workday; he could have stood and/or walked for 4 hours per 8-hour workday; he could have frequently used both feet to operate pedals or foot controls; he could have frequently climbed ramps or stairs, balanced, or knelt; he could have occasionally climbed ladders, ropes, or scaffolds, stooped, crouched, or crawled; and he could have occasionally have worked at unprotected heights or in proximity to heavy moving machinery.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a bank teller and architectural drafter/engineer. (20 CFR 404.1565).

      7. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 1, 2016, the alleged onset date, through September 30, 2017, the date of this decision (20 CFR 404.1520(f)).

(Id. at 21-28.)

On July 8, 2022, the Appeals Council denied plaintiff's request for review of the ALJ's June 9, 2021 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 28, 2022. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

    Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

    Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

    Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,

Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following five principal errors: (1) the ALJ erroneously rejected plaintiff's subjective testimony; (2) the ALJ failed to properly evaluate the medical opinion evidence; (3) the ALJ's reliance on the vocational expert's testimony was erroneous; (4) the ALJ's residual functional capacity determination failed to accommodate plaintiff's need for a cane; and (5) the ALJ erred at step three of the sequential evaluation.[2] (Pl.'s MSJ (ECF No. 12) at 7-19.[3])

**I.   Plaintiff's Subjective Testimony**

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ

---

[2] The court has reorganized plaintiff's claims for sake of clarity and efficiency.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

> may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

////

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

Here, the ALJ recounted plaintiff's testimony, explaining that plaintiff testified to experiencing "intense back pain." (Tr. at 23.)  Difficulty standing and sitting without changing positions.  (Id.)  Difficulty lifting.  (Id.)  Pain, "despite attempting physical therapy, injections, and medication," which worsens with movement and requires plaintiff to lie down.  (Id.)  And difficulty with personal care.  (Id.)

The ALJ then acknowledged that there was "evidence that is consistent with the claimant's allegations."  (Id.)  That evidence, as recounted by the ALJ, was considerable:

> The claimant has treated with Dr. Gutman for back pain that radiates to his hips, neck pain that radiates to his upper extremities. Consistent with his allegations, the claimant has presented to care with physical examination findings including a neck deformity, painful neck and shoulder range of motion, a lumbar deformity with limited range of motion, and SI joint tenderness. The claimant has also been diagnosed with obesity. On September 23, 2016, the claimant reported neck and back pain with bilateral lower extremity numbness.
>
> Despite treatment, September 6, 2016 progress notes state that the claimant reported worsening low back pain and standing, sitting, bending caused pain and numbness down his left lower extremity. September 12, 2016 imaging showed mild to moderate degenerative changes about the lumbar spine. Cervical spine imaging showed inadequate visualization of the C7 vertebra and the cervicothoracic junction, and mild degenerative changes. January 9, 2017 imaging showed mild multilevel degenerative disc disease and facet arthropathy without nerve root compression or high-grade spinal stenosis, and a disc bulge at L3-4 with a left posterolateral annular defect.
>
> After starting pain management at Hendrickson and Hunt Pain Management Physicians on February 13, 2017, the claimant presented with physical examination findings including decreased lumbar range of motion, decreased lower extremity sensation and strength, positive straight leg raises, antalgic gait, and tenderness about the lumbar facet joints, left gluteus muscle, and left trochanteric bursa. On February 27, 2017, the claimant underwent a lumbar epidural steroid injection, which he reported gave him one day of relief.
>
> The claimant underwent another epidural steroid injection on April 10, 2017, L5 and S1 selective nerve root steroid injections on June 5, 2017, and L4-5 and L5-S1 medial branch blocks on July 31, 2017 and August 21, 2017. On September 18, 2017, the claimant underwent a radiofrequency ablation procedure about the medial branches of L4-5 and L5-S1 and the lumbar facet joints on the left.

(Id. at 23-24) (citations omitted)

6

Despite this considerable evidence, the ALJ then alleged that plaintiff's allegations were "not entirely consistent with the evidence" of record. (Id. at 24.) In support of this assertion, the ALJ stated:

> For example, September 23, 2016 progress notes state that the claimant reported neck and back pain with a new onset of bilateral lower extremity numbness, but he declined a referral for physical therapy. By July 28, 2017, the claimant was noted as being in pain but doing well. By August 1, 2017, the claimant reported that walking, standing, and sitting were easier for him despite ongoing back and hip pain. By August 25, 2017, the claimant told his provider that he was doing well despite a recent flare of back pain. By August 29, 2017, the claimant again reported that walking and standing became easier after an injection such that his provider stated that the claimant "responded very well" to the branch blocks. By September 22, 2017, the claimant told his provider that he was feeling better and he was otherwise well after initially being in pain following a nerve block procedure.

(Id. at 24) (citations omitted).

This statement by the ALJ provides neither a clear nor convincing reason for rejecting plaintiff's testimony given the substantial evidence consistent with plaintiff's testimony, recounted by the ALJ above. It is entirely unclear how reports that plaintiff was "in pain but doing well," "doing well despite . . . back pain," "responded very well" to treatment undermined plaintiff's testimony that intense back pain limited plaintiff's ability to sit, stand, lift, etc. As to the ALJ's reference to plaintiff declining a referral for physical therapy, plaintiff testified that there was a "discussion" about physical therapy not working for plaintiff, which is why plaintiff "went for the pain management instead." (Id. at 92.)

It is well established that "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an

adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings."). Here, the ALJ acknowledged the considerable objective evidence that supported plaintiff's testimony.

Under these circumstances the court cannot find that the ALJ provided a clear and convincing reason for rejecting plaintiff's testimony. See Smith v. Kijakazi, 14 F.4th 1108, 1113 (9th Cir. 2021) ("to reject the specific portions of the claimant's testimony that the ALJ has found not to be credible, we require that the ALJ provide clear and convincing reasons relevant to that portion"); Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("Our review of the ALJ's written decision reveals that she did not specifically identify any such inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited."); Treichler, 775 F.3d at 1103 ("An ALJ's 'vague allegation' that a claimant's testimony 'is not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review."); Christine G. v. Saul, 402 F.Supp.3d 913, 925 (C.D. Cal. 2019) ("the ALJ did not identify the testimony she was discounting and 'link that testimony to the particular parts of the record' supporting her determination").

Accordingly, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

**II.    Medical Opinion**

Plaintiff challenges, in relevant part, the ALJ's evaluation of the opinion of State agency medical consultant, Dr. Teresa Fox. (Pl.'s MSJ (ECF No. 9-1) at 26.) For claims filed prior to March of 2017, Ninth Circuit's precedent established a hierarchy for medical opinions based on the physician's relationship to the plaintiff. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

8

(examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).").  In 1991, the Commissioner promulgated regulations consistent with the Ninth Circuit's hierarchy.  See 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).

On March 27, 2017, however, revised Social Security Administration regulations went into effect regarding the evaluation of medical opinions.  Pursuant to those regulations, "the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion.'" V.W. v. Comm'r of Soc. Sec., No. 18-cv-07297-JCS, 2020 WL 1505716, at *13 (N.D. Cal. Mar. 30, 2020) (quoting 20 C.F.R. § 416.920c(a)); see also 20 C.F.R. § 404.1520c(a).  In place of specific evidentiary weight, the Commissioner will "evaluate the persuasiveness of medical opinions" based on (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(a), (c)(1)-(5), § 416.920c(a), (c)(1)-(5).

While the ALJ will consider all of the above factors, "the ALJ must explain how he considered the two 'most important factors'—supportability and consistency." Crystal R. E. v. Kijakazi, Case No. 20-cv-0319 SH, 2022 WL 446023, at *6 (N.D. Okla. Feb. 14, 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)).  Supportability concerns how "relevant the objective medical evidence and supporting explanations presented by a medical source are[.]"  20 C.F.R. § 404.1520c(c)(1).  The more relevant evidence and support presented "the more persuasive the medical opinion[] . . . will be." (Id.)  With respect to consistency, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources . . . the more persuasive the medical opinion . . . will be." (Id.)

Here, the new regulations "still require that the ALJ provide a coherent explanation of [her] reasoning," and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." Hardy v. Commissioner of Social Security, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021).

////

Thus,

> [e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, id § 404.1520c(b)(2).

Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022).

Here, on July 5, 2018, Dr. Fox completed a Disability Determination Explanation, opining that plaintiff's severe impairments limited plaintiff to lifting and carrying only 10 pounds occasionally and less than 10 pounds frequently. (Tr. at 26.) Moreover, plaintiff could stand and/or walk for 2 hours per day, and sit for 6 hours per day. (Id.) Plaintiff could occasionally climb ramps and stairs, balance and stoop, but never climb ladders, ropers, or scaffolds. (Id. at 26, 116-17.)

The ALJ found Dr. Fox's opinion "unpersuasive" stating:

> Although the claimant's symptoms are well documented, he has reported improved pain on occasion with medical branch blocks, and his provider has noted the claimant's response. The claimant has also presented with antalgic gait; however, later treatment records show that he has reported improved walking, standing, and sitting with treatment. When further considering that Dr. Kwock had the opportunity to review the entire record, I find that Dr. Fox's opinion is unpersuasive.

(Id. at 26) (citation omitted).

This analysis is woefully inadequate. The ALJ reliance on vague references to improvement with treatment and preference for the opinion of another doctor provide no basis to evaluate whether Dr. Fox's opinion was supported by or consistent with the evidence of record. See generally Ross v. Apfel, 218 F.3d 844, 849 (8th Cir. 2000) ("The ability to perform sporadic light activities does not mean that the claimant is able to perform full time competitive work."). Nor can the court speculate as to what the ALJ may have been thinking. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning

and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

An ALJ must provide "an 'adequate discussion'" of the ALJ's persuasiveness explanation, which "enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence . . . . and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." Cooley v. Commissioner of Social Security, 587 F.Supp.3d 489, 499 (S.D. Miss. 2021).

> The regulations are clear and imperative in defining the mode of analysis. All medical sources are to be considered, and a rationale articulating how the ALJ applied the factors specified in the regulations must be stated for each source. . . . The administrative adjudicator has the obligation in the first instance to show his or her work, i.e., to explain in detail how the factors actually were applied in each case, to each medical source.

Hardy, 554 F.Supp.3d at 909; see also Loucks v. Kijakazi, 21-1749, 2022 WL 2189293, at *2 (2nd Cir. 2022) ("the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"); Dogan v. Kijakazi, Civil Action No. 6:21-3291 RMG, 2022 WL 4092461, at *4 (D. S.C. Sept. 7, 2022) ("where . . . there is significant record evidence supporting Plaintiff's claim of disability and the regulation requires the ALJ to consider all of the factors under 404.1520c(c), the Court cannot confirm that this was actually done without the ALJ confirming he considered all five factors set forth in § 404.1520c and explaining how he weighed those factors").

Accordingly, plaintiff is also entitled to summary judgment on the claim that the ALJ's treatment of Dr. Fox's opinion was erroneous.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[5] Trevizo v.

---

[5] Having already identified errors requiring remand, and upon review of plaintiff's remaining claims and the record, the court finds it unnecessary to reach plaintiff's remaining claims of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ

Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court is cognizant of the fact that this matter has already been before an ALJ and the Appeals Council twice due to a previous error by the ALJ and is hesitant to send this matter back to the ALJ for yet a third bite at the apple. See, e.g., Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

However, because of the ALJ's failure to properly evaluate plaintiff's testimony and the opinion of Dr. Fox, the court cannot say that further administrative proceedings would serve no

---

must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

useful purpose. This matter will, therefore, be remanded for further proceedings consistent with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 15) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: September 19, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\destefano1338.ord

13